**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-Civ-22224-COOKE**
**BKC CASE NO. 17-10533-LMI**

IN RE:

MAXIMA SERRA,

     Debtor.

_____/

MAXIMA SERRA,

     Appellant,

vs.

THE BANK OF NEW YORK MELLON, and
NANCY K. NEIDICH, *Standing Chapter 13*
*Trustee*,

     Appellees.

_____/

## ORDER REVERSING BANKRUPTCY COURT ORDERS AND REMANDING CASE

     This case is a consolidated appeal[1] arising out of a *pro se* bankruptcy petition filed by Appellant Maxima Serra ("Ms. Serra"). Ms. Serra appeals two bankruptcy court orders issued in the underlying bankruptcy proceeding, Order Granting the Bank of New York Mellon's Motion for Relief from the Automatic Stay, *see* ECF No. 1, and Order Denying Confirmation and Dismissing Chapter 13 Case, *see* C2 ECF No. 1. For the reasons stated below, I reverse the rulings of the bankruptcy court.

---

[1] Because the issues on appeal are based on essentially the same underlying facts, I consolidated the instant case with Case No. 17-cv-22413-MGC. I shall refer to documents filed in Case No. 17-cv-22413-MGC with the notation "C2."

# I.    BACKGROUND

On December 6, 2013, a final judgement of foreclosure was entered against Maria Serra and in favor of Appellee, The Bank of New York Mellon ("Bank of NYM"), related to a property located in Hialeah, Florida. ECF No. 5-2, 32–33. Ms. Maxima Serra was listed as a tenant on the judgment. *Id.* at 32. The foreclosed property was eventually sold and a certificate of title to the property was issued to Bank of NYM on October 13, 2015. *Id.* at 38.

Ms. Serra filed a Chapter 13 bankruptcy petition on January 17, 2017. ECF No. 9, 4; ECF No. 5-2, 6–14. Bank of NYM was the only creditor listed to be noticed on her bankruptcy petition. ECF No. 5-2, 1–14. While Ms. Serra lived at the foreclosed property, she does not appear to have ever had a legal interest in the property. *See* Deed, C2 ECF No. 10-1, 3. In fact, it was Ms. Serra's daughter who owned the property from 2002 until it was foreclosed on and sold to Bank of NYM in 2015. *Id.*; ECF No. 5-2, 32–33. At the time Ms. Serra filed her bankruptcy petition, a writ of possession was pending in the foreclosure proceeding. Trustee's Br., 3; C2 ECF No. 10-1, 9–10.

On February 1, 2017, the bankruptcy court issued a notice that the meeting of creditors was scheduled for March 2, 2017, but Ms. Serra filed a motion to excuse her appearance because she was elderly. Trustee's Br., 4; C2 ECF No. 6-1, 3–4. Appellee Nancy N. Neidich, the appointed Trustee ("Trustee"), objected, and a hearing was held on Ms. Serra's motion on April 4, 2017. *Id.* At the hearing, the bankruptcy court took testimony from Ms. Serra and ruled that Ms. Serra must appear at the meeting of creditors. Trustee's Br., 4. On May 12, 2017, the bankruptcy court scheduled the confirmation hearing for the afternoon of June 6, 2017. *Id.*; C2 ECF No. 10-1, 9–10. Shortly thereafter, Bank of NYM filed a Motion for Relief from Automatic Stay to Enforce Final Judgment of Foreclosure with Certificate of Title Already Issued. ECF No. 5-2, 28–31. Bank of NYM argued its interest in the foreclosed property was not adequately protected while Ms. Serra occupied the property without making payments on the final judgment or Chapter 13 plan, that Ms. Serra had no equity in the property, and that the property was not necessary for an effective reorganization. *Id.* at 29. According to Bank of NYM, it was therefore entitled to relief from the automatic bankruptcy stay pursuant to 11 U.S.C. §§ 362(d)(2)(A) and (B). *Id.* A hearing on Bank of NYM's motion was scheduled for the morning of June 6, 2017. ECF No. 5-2, 40. Ms. Serra never filed a response to Bank of NYM's motion. Bank's Br., 8.

In her briefs, Ms. Serra states that she fell a week prior to the June 6, 2017 hearings and injured her hip, causing her to be bedridden and unable to attend either of the June 6, 2017 hearings. Serra's Br., 4. Ms. Serra alleges that her daughter sent documents to the Trustee and to the bankruptcy court, alerting both that Ms. Serra was unable to go to the courthouse for the scheduled hearing. *Id.*; Serra's Br., ECF No. 9, 9. She does not allege that she notified Bank of NYM and Bank of NYM denies receiving any notice that Ms. Serra was unable to attend the meeting. Bank's Br., 3. The Trustee does not deny that she received notice that Ms. Serra could not attend the hearing. *See generally*, Trustee's Br. The hearing on Bank of NYM's Motion for Relief from the Automatic Stay took place on June 6, 2017 and the motion was granted. ECF No. 1, 3–5. According to the Trustee, during the hearing on the motion for relief from stay, the bankruptcy court considered the record and the testimony given by Ms. Serra at the April 4, 2017 hearing. Trustee's Br., 4–5. The bankruptcy court then directed the Trustee to request a dismissal of the Bankruptcy Case because bankruptcy could not afford Ms. Serra relief from the writ of possession. *Id.* at 5–6. However, there is no transcript from the June 6, 2017 hearing in the record.

It does not appear that the confirmation hearing scheduled for the afternoon of June 6, 2017 took place, as the bankruptcy docket shows a Notice of Continued Confirmation Hearing was entered on June 9, 2017, which continued the confirmation hearing to July 11, 2017. On June 7, 2017, the bankruptcy court issued its Order Granting The Bank of New York Mellon's Motion for Relief from the Automatic Stay. ECF No. 1, 3–5. On June 19, 2017, the bankruptcy court issued its Order Denying Confirmation and Dismissing Chapter 13 Case. C2 ECF No. 1, 4–5.

Ms. Serra appealed both Orders timely and I have consolidated both appeals into the instant case. Ms. Serra claims that the bankruptcy court violated her right to due process and abused its discretion by holding the June 6, 2017 hearing on Bank of NYM's motion knowing she was confined to her bed and could not attend the hearing.[2] ECF No. 9, 10–11. She makes the same arguments as to the bankruptcy court's dismissal of her case, and

---

[2] Ms. Serra makes two arguments as to why the bankruptcy court erred in granting the motion without holding a hearing. Upon close review, they are essentially the same argument: her due process rights were violated when the hearing was held without her. "In general, we show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *Christiansen v. McRay*, 380 F. App'x 862 (11th Cir. 2010) (citation omitted).

makes the additional legal argument that the bankruptcy court abused its discretion in dismissing her case without a hearing in violation of Bankruptcy Rule 9014(a).

## II. LEGAL STANDARD

"When entertaining an appeal from a bankruptcy court, district courts are entitled to 'affirm, modify, or reverse a bankruptcy court's . . . order' and will accept its findings of fact unless those findings are clearly erroneous. *In re Boykin*, 313 B.R. 516, 519 (M.D. Ga. 2004) (Fed. Bankr. R. 8013). "A bankruptcy court's legal conclusions and application of the law to the facts of a given case are reviewed *de novo* . . . ." *HDR Architecture, P.C. v. Maguire Grp. Holdings*, 523 B.R. 879, 885 (S.D. Fla. 2014) (citing *Carrier Corp. v. Buckley (In re Globe Mfg. Corp.)*, 567 F.3d 1291, 1296 (11th Cir. 2009)).

## III. DISCUSSION

### A. Dismissal of Bankruptcy Case

Ms. Serra argues she was entitled to a hearing prior to the dismissal of her bankruptcy case. The Trustee argues that the case was properly dismissed because there was no good faith reason to keep the case open. Trustee does not engage with or specifically address Ms. Serra's argument that she was entitled to a hearing; she simply argues the bankruptcy case could not provide Ms. Serra with any relief as to the writ of possession on a property that was not a part of the bankruptcy estate.

The U.S. Bankruptcy Code discusses dismissals of Chapter 13 cases. "[O]n request of a party in interest or the United States trustee and *after notice and a hearing*, the court may . . . dismiss a case under this chapter," if it "is in the best interests of creditors and the estate, for cause." 11 U.S.C. § 1307(c) (emphasis added). "After notice and hearing" is specifically defined in the Bankruptcy Code.

> "[A]fter notice and a hearing," or a similar phrase—
> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
> (B) authorizes an act without an actual hearing if such notice is given properly and if—
> (i) such a hearing is not requested timely by a party in interest; or
> (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]

11 U.S.C. § 102(1). A bankruptcy court also has discretion to dismiss *sua sponte* "collusive, sham, or frivolous suits," including suits "with demonstrably frivolous purposes absent any economic reality." *In re Moog*, 774 F.2d 1073, 1076 (11th Cir. 1985) (quoting *Furness v. Lillienfield*, 35 B.R. 1006, 1011 (Bkrtcy. D.C. 1983)); *see also In re D'Elia*, 2011 WL 1326819, at *6 (M.D. Fla. Apr. 6, 2011) ("While a Bankruptcy Court has inherent authority" distinct from its statutory contempt authority under 11 U.S.C. § 105(a), "it does not have the authority to *sua sponte* dismiss the Chapter 13 case and deny confirmation without a proper reason . . . .").

While a bankruptcy court may dismiss a case on its own motion, Trustee has cited to no law indicating a case can be dismissed without notice to the debtor and an opportunity for her to be heard. It does not appear that Ms. Serra received any notice that her case was going to be dismissed, nor did the bankruptcy court state it was dismissing Ms. Serra's case because it was a "collusive, sham, or frivolous" suit absent any economic reality. In addition, according to the docket sheet, it appears a Notice of Continued Confirmation Hearing was filed a few days after the June 6, 2017 hearing was to have taken place, resetting the confirmation hearing to July 11, 2017. While the Trustee's Request for Entry of Order Dismissing Case Upon Denial of Confirmation Plan was filed on June 15, 2017 and presumably served on Ms. Serra, the case was dismissed four days later on June 19, 2017. Even assuming Ms. Serra received notice on June 15, 2017, that is not sufficient notice when Ms. Serra may have reasonably believed she could address any concerns at the July 11, 2017 hearing. I therefore reverse the Order Denying Confirmation and Dismissing Chapter 13 Case and remand to the bankruptcy court for proper notice and a hearing.

**B. Granting Relief From Automatic Stay**

Ms. Serra contends the bankruptcy court also violated her right to due process by holding a hearing on Bank of NYM's Motion for Relief from Stay knowing that she was unable to attend. Bank of NYM argues that these particular claims are moot because the bankruptcy petition has since been dismissed, meaning the stay that automatically went into effect by operation of law pursuant to 11 U.S.C. § 362(a) has already dissolved pursuant to 11 U.S.C. § 362(c)(2)(B). Because I have reversed the bankruptcy court's order dismissing Ms. Serra's bankruptcy petition, this argument no longer holds sway. I shall therefore turn to Bank of NYM's remaining arguments.

Bank of NYM contends Ms. Serra's argument that the bankruptcy court violated her right to due process is premised on the idea that the bankruptcy court and Bank of NYM *knew* that she was unable to attend the hearing. According to Bank of NYM, because the bankruptcy court did not know she was bedridden, there can be no violation of due process, especially where Ms. Serra never filed a motion for reconsideration to bring the issue before the bankruptcy court. However, the record is not clear on whether the bankruptcy court knew of Ms. Serra's injury. Bank of NYM points out there is nothing in the record to support Ms. Serra's contention that her daughter notified either the bankruptcy court or the Bank of NYM that she could not attend the hearing. However, while Bank of NYM specifically denies receiving any notice that Ms. Serra was bedridden, the Trustee does not dispute that she received Ms. Serra's notice and appears to have attended the hearing on Bank of NYM's motion. It is quite possible the parties were aware of Ms. Serra's injury at the time of the hearing.

Bank of NYM also notes that Ms. Serra never responded to its motion, and therefore the bankruptcy court properly treated it as an unopposed motion. However, "a motion for relief from the automatic stay is a contested matter pursuant to Bankruptcy Rule 9014." *In re Vital Breathing Prod., Inc.*, 98 B.R. 97, 99 (Bankr. N.D. Ga. 1988). Rule 9014 provides that contested matters do not require a response and that a reasonable notice and opportunity for hearing be afforded the party against whom relief is sought. As such, the fact that Ms. Serra did not respond to the matter does not mean the motion was uncontested or that she waived her right to a hearing.

Because the record is unclear as to who had knowledge of Ms. Serra's inability to attend the hearing, I cannot unequivocally say her procedural due process right, given to her by the Federal Rules of Bankruptcy Procedure, was not violated. While Ms. Serra could have filed a motion for reconsideration to bring these facts to the attention of the bankruptcy court instead of filing an appeal, there is no requirement that she do so. Accordingly, I reverse the Order Granting the Bank of New York Mellon's Motion for Relief from the Automatic Stay and remand to the bankruptcy court for a hearing.

## IV.   CONCLUSION

For the foregoing reasons, the Order Granting the Bank of New York Mellon's Motion for Relief from the Automatic Stay and Order Denying Confirmation and

Dismissing Chapter 13 Case are **REVERSED** and the case is **REMANDED** to the bankruptcy court. All pending motions, if any, are **DENIED** *as moot*. The Clerk is directed to **TRANSMIT** notice of this Order to the bankruptcy court in accordance with all relevant rules and procedures and is further directed to **CLOSE** this case.

   **DONE and ORDERED** in Chambers at Miami, Florida, this 28th day of March 2018.

                       *Marcia G. Cooke*
                    MARCIA G. COOKE
                    United States District Judge

*Copies furnished to:*
Maxima Serra, *pro se*
Counsel of record